UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GEORGE GRIGSBY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-1672 (EGS) |
| | ) | |
| JUDGE MARY THOMAS, | ) | |
| | ) | |
| Respondent. | ) | |

### MEMORANDUM OPINION

This matter comes before the Court upon review of George Grigsby's *pro se* "Petition for Writ of Habeas Corpus Pursuant to 28 USC 2241, 2254." Petitioner is challenging "THE DECISION OF JUDGE MARY MAXWELL OR JUDE THOMAS OF THE CIRCUIT COURT OF COOK COUNTY ILLINOIS TO PLACE HIM IN A MENTAL INSTITUTION WITHOUT A GRAND JURY INDICTMENT." Pet. at 1 (emphasis in original).

It is unclear whether the petitioner currently is in custody for purposes of habeas relief. *See* 28 U.S.C. § 2241(c) (requiring some form of custody as the basis for seeking habeas relief). Assuming that the petitioner is currently in custody, his recourse lies in the judicial district having personal jurisdiction over his immediate custodian. *Rumsfeld v. Padilla,* 546 U.S. 426, 434-35 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988)). And, "a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004).

Neither the petitioner nor his custodian are located in the District of Columbia, and this Court, therefore, cannot entertain this petition. Accordingly, the petition will be denied and this case will be dismissed. An Order is issued separately.

Signed:         EMMET G. SULLIVAN
                United States District Judge

Dated:          November 5, 2012